## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPHA A. CAMPINHA-BACOTE d/b/a TRANSCULTURAL C.A.R.E. ASSOCIATES, | : : | Case No. 1:14-cv-00320 |
| Plaintiff, | : : | Judge: Sandra S. Beckwith |
| -vs- | : : | Magistrate Judge: Karen L. Litkovitz |
| KRISTI HUDSON et al. | : | **MOTION TO STRIKE** |
| Defendants. | : | |

NOW COMES Plaintiff, by and through undersigned counsel, and hereby moves to strike Defendant Kristi Hudson's Affidavit (Doc. 13-1) filed August 18, 2014. A memorandum in support is attached.

Respectfully submitted,

_____
Avonte D. Campinha-Bacote (0085845)
Campinha Bacote LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
(614) 233-4727
(415) 276-2988 (FAX)
Avonte@cambaclaw.com

Trial Attorney for Plaintiff,
Transcultural C.A.R.E. Associates

1

**MEMORANDUM IN SUPPORT**

    **I.    Introduction**

On August 18, 2014, Defendant Kristi Hudson filed a Motion to Dismiss (Doc. 13). Attached as "Exhibit 1" to that Motion was what purported to be an "affidavit" signed by Kristi Hudson. While the majority of the document is completely irrelevant to the merits of the motion and rather an inappropriate and unprofessional attempt by Defendant's counsel to denigrate and vilify Plaintiff and its counsel, case law and the US Code make it abundantly clear that there are specific requirements that must be adhered to in order for a document to be considered an affidavit. Failure to adhere to these basic requirements results in the document being stricken. Because Ms. Hudson's affidavit contains multiple deficiencies, this Court should strike it as a matter of law.

    **II.    Law and Argument**

        **A.    Ms. Hudson's Affidavit Must Be Stricken Because it is Not Notarized**

As the Ohio Supreme Court made clear in *State ex rel. Coulverson v. Ohio Adult Parole Authority* (1991), 62 Ohio St. 3d 12, 14, 577 N.E.2d 352, in order for an affidavit to be valid, it must be sworn before someone authorized to give oaths. *Id.* at 14.

> However, Coulverson did not submit a valid affidavit for the court to consider . . . His "affidavit" is not sworn before anyone authorized to give oaths. It is void.

Subsequent courts have consistently upheld this principle. *See Karmasu v. Bendolph*, 1996 Ohio App. LEXIS 638 (Ohio Ct. App. 1996) (striking Defendants' affidavits because they were not notarized); *see also* Black's Law Dictionary 54 (5th ed. 1979).

Here, despite the fact that Defendant labeled the document an "affidavit" and purports to "affirm" that the statements contained within are true, the document is not notarized. For this reason alone, the Court should strike Defendant's Exhibit 1.

      **B.    Even if the Exhibit is to be Considered an "Unsworn Declaration", it Still Fails Under 28 U.S.C. § 1746**

Even if Defendant's exhibit could overcome the fatal flaw of not being notarized, it fails to meet the requirements of 28 U.S.C. § 1746(1) and cannot be considered an "unsworn declaration." Section 1746(1) provides in pertinent part:

> **If executed without the United States**: "I declare (or certify, verify, or state) under penalty of perjury **under the laws of the United States of America** that the foregoing is true and correct. Executed on (date).

*Id*. (emphasis added). Of import is the statute's reference to the laws of the United States of America. *Cf*. 28 U.S.C. § 1746(2) (mandating different language if executed <u>in</u> the United States). Defendant Hudson, as acknowledged in Exhibit 1, is not a US citizen, but rather a resident of British Columbia, Canada. *See* Defendant's Exhibit 1, ¶2. Defendant has acknowledged nowhere in the document that she is subject to the laws of the United States, its laws concerning perjury, the consequences of falsifying an affidavit, etc. Defendant presumably signed the document in British Columbia and it could reasonably be assumed that Defendant believes that she is still subject to the laws of Canada. This is presumably why the legislators specifically created two subsections for declarants who are either within or outside of the US.

Furthermore, the law requires the declarant's statement to substantially conform to the language referenced above, and Defendant's exhibit fails to do that. Defendant doesn't use the words "declare" or "certify" or "verify" or "state", and fails to attest that the foregoing statements were true ***and correct***. These deficiencies also cause alarm, especially in conjunction with the other issues noted above. Federal courts have uniformly stricken purported affidavits for failure to adhere to the requirements of § 1746. *See Fla. Immigrant Coalition v. Mendez*, 2010 U.S. Dist. LEXIS 114726 at fn. 7 (S.D. Fla. 2010); *Noe v. Interstate Brands Corp*., 188 F.R.D. 513 at fn. 5 (S.D. Ind. 1999). This Court should do the same.

      **C.**    **The Court Can Also Strike the Affidavit Pursuant to Fed. R. Civ. P. 12(d)**

Fed. R. Civ. P. 12 also makes it clear that for purposes of a motion to dismiss, matters outside the complaint, including affidavits or declarations, are not proper. *See CGH Transp., Inc. v. Quebecor World, Inc.*, 261 Fed. Appx. 817, 822 (6th Cir. 2008) (noting that the district court erred when considering a party's affidavit's in support of a motion to dismiss). While a court does have the ability to convert the motion to dismiss into a motion for summary judgment, it also has the discretion to exclude the document. *See* Fed. R. Civ. P. 12(d). For purposes of this motion to strike, Plaintiff requests that the Court simply exclude Defendant's exhibit, which is an improper document for this Court to consider for a motion to dismiss.

    **III.**    **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendant's Exhibit 1.

                                            Respectfully submitted,

                                            */s/ Avonte D. Campinha-Bacote*
                                            Avonte D. Campinha-Bacote (0085845)
                                            Campinha Bacote LLC
                                            Two Miranova Place, Suite 500
                                            Columbus, Ohio  43215
                                            (614) 233-4727
                                            (415) 276-2988 (fax)
                                            Avonte@CamBacLaw.com

                                            Trial Attorney for Plaintiff,
                                            Transcultural C.A.R.E. Associates

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 19 day of August, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                    */s/ Avonte D. Campinha-Bacote*
                     Avonte D. Campinha-Bacote (0085845)