Case No. 15-3143

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0668n.06

Case No. 15-3143

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 02, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOSEPHA A. CAMPINHA-BACOTE, dba Transcultural C.A.R.E. Associates, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KRISTI HUDSON; DYNAMIC NURSING EDUCATION, LLC, <br><br> Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

BEFORE: BATCHELDER, ROGERS, and COOK, Circuit Judges.

PER CURIAM. The absence of personal jurisdiction over the defendant decides this appeal.

I.

Dr. Josepha Campinha-Bacote, as president and owner of an organization that trains and educates healthcare workers in what is known as cultural competency, makes a practice of filing suits alleging infringement of her copyrighted teaching model (ASKED model). As with other defendants, Bacote discovered that Kristi Hudson and her business, Dynamic Nursing Education, LLC (DNE) had used the ASKED model; Hudson had used it in an online class, for which students paid tuition. The record suggests profits from those classes amounted to several thousand dollars.

Case No. 15-3143
*Campinha-Bacote v. Hudson*

As for jurisdiction, Hudson's class was available online throughout the United States, including Ohio, but Hudson never went to, advertised in, transacted business in, or contracted to buy or sell services in, Ohio. Hudson resides in British Columbia, Canada, Bacote alleges that Hudson's business, DNE, is a California LLC.

Bacote sued Hudson for copyright infringement in the United States District Court for the Southern District of Ohio. Regarding service of process, after several failed attempts to serve Hudson by mail in California, Bacote's attorney (her son) hired his wife (an Ohio resident) to travel to Campbell River, Canada (on the east coast of Vancouver Island) to personally serve Hudson and her business. Bacote later moved for $6,421.33 in costs and attorney fees associated with that process service on the ground that Hudson and her company failed to waive service.

Hudson moved to dismiss the complaint for lack of personal jurisdiction. Bacote then amended her complaint adding conclusory jurisdictional allegations. Rather than answer the amended complaint, Hudson relied on her motion to dismiss. Bacote nevertheless sought entry of default against Hudson for failing to answer.

The district court dismissed Bacote's complaint for lack of personal jurisdiction, denied her motion for costs and attorney fees, and declined to enter default against Hudson. Bacote appealed; Hudson seeks sanctions, calling the appeal frivolous. We affirm.

II.

Ohio's long-arm statute and federal due process law guide our assessment about whether Ohio could properly exercise personal jurisdiction over Hudson and her company. Even assuming that service on Hudson can satisfy Ohio's long-arm statute, Bacote cannot show that an exercise of personal jurisdiction over Hudson would comport with federal due process. Bacote's briefing fails to point this court to evidence that: (1) Hudson purposefully availed herself of the

- 2 -

privilege of acting in Ohio; (2) her alleged copyright infringement arose from Ohio activities; or (3) a substantial connection with Ohio makes the exercise of jurisdiction over Hudson reasonable. *S. Mach. Co. v. Mahasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). Plainly, nothing about Ohio played a role in Hudson's alleged infringement, and Ohio's interest in this case is slight. As the district court noted, "the amended complaint does not allege any in-state activity by Hudson."

In terms of Bacote's motions, we agree with the district court that she merited neither judgment by default nor attorney fees as a result of Hudson's failure to waive service. First, Hudson could stand on her motion to dismiss when Bacote's later-filed amended complaint included the same defect that prompted Hudson's dismissal motion. *See* Wright, Miller & Kane, 6 Fed. Prac. and Proc. § 1476 (2d ed. 1990) (stating that when a defect raised in a motion to dismiss remains in an amended pleading, a court may consider the original motion as addressing the new pleading); *see also Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499–500 (S.D. Ohio 2002) (applying this rule). Second, though Federal Rule of Civil Procedure 4(d)(2) requires defendants who refuse to waive service to pay the expenses associated with serving a recalcitrant party, the rule applies only to defendants located in the United States.

We decline to impose sanctions for the filing of this appeal. We cannot say that Bacote's weak and unmeritorious arguments are so frivolous as to call out for sanctions.

III.

We AFFIRM the judgment of the district court dismissing for lack of jurisdiction, and DENY Hudson's motion for sanctions.

Case: 1:14-cv-00320-SSB-KLL Doc #: 33 Filed: 10/02/15 Page: 4 of 4 PAGEID #: 248   (4 of 4)

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: October 02, 2015

Mr. Avonte Darius Campinha-Bacote
Campinha Bacote, LLC
Two Miranova Place
Columbus, OH 43215

Mr. Eric J. Menhart
Lexero Law
420 C Street, N.E.
Washington, DC 20002

Re:  Case No. 15-3143, *Josepha Campinha-Bacote v. Kristi Hudson, et al*
     Originating Case No. : 1:14-cv-00320

Dear Sir or Madam,

   The Court issued the enclosed (Order/Opinion) today in this case.

                                        Sincerely yours,

                                        s/Jill Colyer
                                        Case Manager
                                        Direct Dial No. 513-564-7024

cc:  Mr. Richard W. Nagel
     Mr. Robert Joseph Thumann

Enclosure

Mandate to issue